UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANDRÉ L. REVIS, | No. CV 17-6642-PSG (PLA) |
| Petitioner, | **ORDER DISMISSING HABEAS PETITION AS SUCCESSIVE** |
| v. | |
| THE STATE OF CALIFORNIA, | |
| Respondent. | |

**I.**

**BACKGROUND**

André L. Revis ("petitioner") initiated this action on September 8, 2017, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("2017 Petition" or "2017 Pet."), along with a Memorandum of Points and Authorities in support of the 2017 Petition, and numerous exhibits. The 2017 Petition challenges his March 14, 2005, conviction in the Los Angeles County Superior Court, case number YA06024401, for second degree robbery and assault with a deadly weapon. (2017 Pet. Ex. Abstract of Judgment). Petitioner separately submitted an Application for Leave to File Second or Successive Petition ("Application") filed by

petitioner on September 5, 2017, in the Ninth Circuit Court of Appeals.[1] (2017 Pet. Attach.; see also Ninth Circuit website for case number 17-72487). That Application is still pending in the Ninth Circuit. (Ninth Circuit website for case number 17-72487).

On August 18, 2016, petitioner filed an earlier federal habeas petition in case number CV 16-6215-PSG (PLA) ("CV 16-6215" or "2016 Petition") also challenging his 2005 conviction in case number YA06024401. The 2016 Petition was dismissed without prejudice as successive pursuant to the Judgment entered on September 28, 2016. (CV 16-6215, ECF No. 14). Petitioner did not appeal the dismissal of that case.

On May 13, 2014, petitioner filed an even earlier federal habeas petition in case number CV 14-3665-PSG (RNB) ("CV 14-3665" or "2014 Petition") also challenging his 2005 conviction in case number YA06024401. The 2014 Petition was dismissed with prejudice as time barred pursuant to the Judgment entered on July 18, 2014.[2] (Case No. CV 14-3665, ECF Nos. 7, 9, 10). Petitioner's request for a certificate of appealability was denied on that same date by the Court. (Case No. CV 14-3665, ECF No. 11). His request for a certificate of appealability was denied by the Ninth Circuit on November 20, 2014.[3] (Case No. CV 14-3665, ECF No. 16).

## II.

## **DISCUSSION**

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir.

---

[1] The Court clerk has docketed the Application as an attachment to the 2017 Petition.

[2] Petitioner also filed a federal habeas petition in 2008 in Case No. CV 08-827-PSG (RNB) that was dismissed without prejudice for failure to exhaust state remedies. (CV 08-827-PSG (RNB), ECF Nos. 4-6).

[3] The Ninth Circuit Court of Appeals website reflects that on May 26, 2017, that court denied plaintiff's application to file a second or successive habeas petition in the Eastern District of California because his habeas petition to the Eastern District Court raised the same three claims that had been raised in this Court in case number CV 14-3665, which had been dismissed as untimely, and the petition he sought to bring in the Eastern District, therefore, was a successive petition. (Ninth Circuit website for case number 16-73155).

2001) (per curiam). The AEDPA provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B). Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Petitioner's 2014 Petition raised the following grounds for relief: (1) the trial court improperly imposed a high term sentence; (2) petitioner was denied the effective assistance of counsel during sentencing; and (3) a request for a recall of the sentence. (2014 Pet. at 5). As mentioned above, that action was dismissed with prejudice as time barred. See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal for failure to comply with statute of limitations is a dismissal on the merits that renders subsequent petitions successive). In the 2016 Petition, petitioner again alleged that the trial court improperly imposed a high term sentence and that he was denied the effective assistance of counsel during sentencing. (2016 Pet. at 3, 4). In the 2017 Petition, petitioner again alleges that the trial court improperly imposed a high term sentence, and that resentencing is required to correct the errors. However, even if petitioner were seeking to present *new* claims in the instant Petition -- which he is not -- he nevertheless is required to seek and *obtain* authorization from the Ninth Circuit before filing a successive petition.[4] 28 U.S.C. § 2244(b)(3)(A); see Burton v. Stewart, 549 U.S. 147,

---

[4] The 2017 Petition is subject to the AEDPA's one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d). See Calderon v. U.S. Dist. Ct. (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997). In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner filed the 2017 Petition on September 5, 2017.
(continued...)

153, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals *before* filing a second habeas petition). Although he has recently filed an application in the Ninth Circuit for leave to file a successive petition, petitioner has not *obtained* such permission from the Ninth Circuit. It therefore appears, as was the case with the 2016 Petition, that the Court is without jurisdiction to entertain the current 2017 Petition under 28 U.S.C. § 2244(b). See Burton, 549 U.S. at 153; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'") (citation omitted).

## III.

## **CONCLUSION**

IT IS THEREFORE ORDERED that the Petition is **dismissed without prejudice** as successive.[5]

9/14/17

                        HONORABLE PHILIP S. GUTIERREZ
                        UNITED STATES DISTRICT JUDGE

---

[4](...continued)
(ECF No. 1). On its face, therefore, as was the case with respect to petitioner's 2014 Petition, the 2017 Petition, filed twelve years after his conviction, also appears to be barred by the statute of limitations.

[5] If petitioner *obtains* permission from the Ninth Circuit Court of Appeals to file a successive petition, he should file a new petition for writ of habeas corpus. He should not file an amended petition in this action or use the case number from this action because the instant action is being closed today. If petitioner files a new petition, the Court will give that petition a new case number.

4